**Federico ABARCA–ARCETA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74081.

Agency No. A93–142–775.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Jan. 8, 2004.

Federico Abarca–Arceta, pro se, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Patricia A. Smit, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Federico Abarca–Arceta, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the immigration judge's ("IJ") determination that he is removable for attempting to enter the United States without a valid entry document and within five years of his prior deportation without the Attorney General's consent. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review de novo questions of law, and we review for substantial evidence the factual determinations underlying the IJ's decision. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003).

The IJ properly found Abarca–Arceta removable because he conceded that he had been previously deported and that he sought entry within five years of his 1996 deportation without first securing the permission of the Attorney General. *See* 8 U.S.C. § 1182(a)(9)(A)(i). Because the documentation Abarca–Arceta presented when he sought entry was rendered invalid by his previous deportation, he is also removable because he lacked a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I).

We reject Abarca–Arceta's attempt to attack collaterally his 1996 deportation because he did not demonstrate that he was deprived of the right to judicial review in those proceedings. *See Alvarenga–Villa-lobos v. Ashcroft*, 271 F.3d 1169, 1173 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** *This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.*

